Dawson Morton
Cal. SBN 320811
Santos Gomez
Cal. SBN 172741
LAW OFFICES OF SANTOS GOMEZ
1003 Freedom Boulevard
Watsonville, CA 95076
Ph: 831-228-1560
Fax: 831-228-1542
dawson@lawofficesofsantosgomez.com
santos@lawofficesofsantosgomez.com

ATTORNEYS FOR PLAINTIFFS

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA BARBARA DIVISION

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS,<br><br>Defendants. | CIVIL ACT. NO.:<br><br>COMPLAINT<br><br>RULE 23 CLASS<br><br>JURY TRIAL DEMANDED |

1.        Plaintiffs are agricultural workers imported from Mexico by Defendants to work in Defendants' strawberry fields.  Plaintiffs sue to enforce their rights to a federal minimum wage and to stop Defendants' violations of the H-2A farm labor visa program. Defendants violated federal minimum wage statutes, California's wage, and breached the Plaintiff's employment contract and the federal regulations incorporated within it.

2.        Defendants violated the Fair Labor Standards Act (FLSA) by willfully failing to pay at least the required hourly wage for every compensable hour of labor performed in a workweek (including by failing to reimburse their employment-related expenses as required by law) to

1  Plaintiffs and to each individual who may opt into this action as allowed by the FLSA ("Opt-In

2  Plaintiff"), and to other similarly-situated workers.

3  3.          Defendants breached Plaintiffs' employment contracts by failing to pay the

4  contractually-promised wages, including those required by the FLSA, for all hours worked, and by

5  failing to reimburse Plaintiffs' employment-related expenses including travel expenses.

6  4.          To remedy these and other legal violations, Plaintiffs, Opt-In Plaintiffs, and a

7  plaintiff class seek their unpaid wages, liquidated damages, actual, incidental, consequential, and

8  compensatory damages, reasonable attorneys' fees and costs, and pre and post-judgment interest.

9  **II. JURISDICTION AND VENUE**

10  5.          This Court has jurisdiction of this action pursuant to:

11              a.          28 U.S.C. § 1331 (Federal Question);

12              b.          29 U.S.C. § 1337 (Interstate Commerce);

13              c.          29 U.S.C. § 216(b) (FLSA); and

14              d.          28 U.S.C. § 1367 (Supplemental).

15  6.          This Court has supplemental jurisdiction over the state law claims because they are

16  so related to Plaintiff's federal FLSA claims that they form part of the same case or controversy

17  under Article III, Section 2 of the U.S. Constitution.

18  7.          Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial

19  part of the claims arose in the Central District of California and because the Defendants do business

20  in Santa Barbara County.

21  **III. PARTIES**

22  8.          Plaintiff Manuel de Jesus Altamirano-Santiago worked for Defendants in the 2013 to

23  2018 seasons.

24  9.          Plaintiff Lucio Mendoza-Castro work for Defendants in the 2014 to 2018 seasons.

25  10.         Plaintiff Fredi Saul Canseco-Vasquez worked for Defendants in the 2013 to 2018

26  seasons.

27

28

11.          Plaintiffs Altamirano-Santiago, Mendoza-Castro and Canseco-Vasquez and others similarly-situated were H-2A agricultural guest workers admitted into the United States to work under the auspices of the H-2A program, 8 U.S.C. § 1188 and 20 C.F.R. §§ 655.0-655.185

12.          Plaintiffs' FLSA consent forms are attached as Exhibit A to this Complaint.

13.          Defendant Rancho del Mar is a California corporation with a principal place of business at 125 W. Mill St., Santa Maria, California.

14.          Defendant Rancho del Mar is operated by Defendant Juan Cisneros who also serves as its registered agent.

15.          Defendant Better Produce, Inc. is a California corporation with a principal place of business at 125 W. Mill St, Santa Maria, California. Its registered agent is Juan Cisneros, at the same address.

16.          Defendant C.J.J. Farming, Inc. is a California corporation with a principal place of business at 125 W. Mill St, Santa Maria, California. Its registered agent is Juan Cisneros, at the same address.

17.          Defendant Juan Cisneros is the Chief Executive Officer of all corporate defendants.

18.          Upon information and belief, Defendant Cisneros dominated the finances of Defendants Rancho del Mar, Better Produce, and C.J.J. Farming and used his personal assets and personal resources, including property that he personally owned or controlled, to support the businesses.

19.          Defendant Rancho del Mar functions as a farm labor contractor for Defendants Better Produce and C.J.J. Farming.

## THE H-2A PROGRAM

20.          The H-2A program was created by 8 U.S.C. § 1188 and is implemented pursuant to the regulations found at 20 C.F.R. §§ 655.0-655.185. An agricultural employer in the United States may import H-2A workers if the United States Department of Labor ("U.S. DOL") certifies that (1) there are not enough U.S. workers to perform the job and (2) the employment of H-2A workers will not adversely affect the wages and working conditions of U.S. workers who are similarly employed. 8 U.S.C. § 1101(a)(15)(H)(ii)(a); 8 U.S.C. § 1188(a)(1).

21.     Employers must file a temporary labor certification application with the U.S. DOL's Employment and Training Administration. 20 C.F.R. § 655.130 (2010). The application has to include a job offer, known as a "job order," that complies with the requirements of 20 C.F.R. § 655.122. The job order contains the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States. *See* 20 C.F.R. § 655.121(a)(2).

22.     The terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for Plaintiffs, Opt-in Plaintiffs, and others similarly situated. 20 C.F.R. § 655.103(b) (definition of "work contract").

23.     The H-2A employment contracts at issue here incorporate a regulatory definition of employer found at 20 C.F.R. § 655.103(b) and contained the promise to "comply with applicable Federal, State and local law and regulations." 20 C.F.R. § 655.135(e).

24.     The 2015 job order had employment dates of March 12, 2015 through November 30, 2016 and sought to import 125 workers.

25.     Plaintiffs worked under the terms of the 2015 job order.

26.     The 2015 job order is attached as Exhibit B to this complaint.

27.     The point of contact for the 2015 Rancho del Mar job order was Crystal Chavez who served, at the time, as the Office Manager for Defendant Better Produce.

28.     The 2016 job order had employment dates of March 14, 2016 through November 30, 2016 and sought to import 133 workers.

29.     Plaintiffs worked under the terms of the 2016 job order.

30.     The 2016 job order is attached as Exhibit C to this complaint.

31.     The point of contact for the 2016 Rancho del Mar job order was Sergio Perez a supervisor with Defendant Better Produce.

32.     Defendant Rancho del Mar filed a second job order in 2016 with the employment dates of September 16, 2016 to November 30, 2016.

33.     This second 2016 job order is attached as Exhibit D to this complaint.

34.     The 2017 job order had employment dates of March 13, 2017 through November 30, 2017 and sought to import 161 workers.

35.        Plaintiffs worked under the terms of the first 2017 job order.

36.        The 2017 job order is attached as Exhibit E to this complaint.

37.        The 2018 job order had employment dates of March 12, 2018 through November 30, 2017 and sought to import 190 workers.

38.        Plaintiffs worked under the terms of the first 2018 job order.

39.        The 2018 job order is attached as Exhibit F to this complaint.

40.        Luis Garcia was listed as the point of contact for the 2018 job order using a Better Produce email address for Crystal Chavez.

41.        In the employment contracts, the Defendants promised that each worker would earn at least the AEWR [Adverse Effect Wage Rate], the prevailing hourly or piece rate wage, or the federal or state minimum wage, whichever is higher, for all hours worked in the payroll period. Exhibit B at *11, Addendum to the ETA 790 form ("Item 17: Wage Rates, Special Pay Information, and Deductions"). The employment contracts also promised that "Employer will comply w/applicable Federal, State, local laws pertaining to OT." Ex. B at 12.

42.        The employment contracts promised to pay the applicable AEWR:

     a.        $11.33 in 2015; 79 Fed. Reg. 75839 (Dec. 19, 2014)

     b.        $11.89 in 2016; 80 Fed. Reg. 79615 (Dec. 22, 2015)

     c.        $12.57 in 2017; 81 Fed. Reg. 94422 (Dec. 23, 2016). Ex. B at 12; and

     d.        $13.18 in 2018. 82 Fed. Reg. 60628 (Dec. 21, 2017).

43.        The employment contracts also state that the Defendant Rancho del Mar will provide daily transportation to their H-2A workers between the employer-provided housing and the worksite at no cost to the worker, as required by 29 C.F.R. § 655.122(h)(3).

44.        Finally, by participating in the H-2A program and importing workers from abroad, the Defendants are bound to abide by the wage and payroll requirements, including those at 20 C.F.R. §§ 655.120(a), 655.122(a), 655.122(c), 655.122(j), 655.122(k), 655.122(l), and 655.103(b).

**ALLEGATIONS OF CLASS REPRESENTATIVE**

45.        Plaintiffs were recruited in Oaxaca to work for Defendants.

46.     Plaintiffs, while in Oaxaca, complete visa application paperwork over the phone with Crystal Chavez and other individuals from the office of Defendant Better Produce.  As part of the visa application process, Plaintiffs provided passport information to Defendants if the Defendants had not previously copied the Plaintiffs' passports.

47.     Plaintiffs and others similarly situated were required to have a passport and provide the information to Defendants for consular processing.

48.     Plaintiff and others similarly situated were required to obtain a passport at their own expense without reimbursement from Defendants.

49.     The cost of a three year Mexican passport, the shortest obtainable, was in excess of 1000 pesos.

50.     Plaintiffs were also required to have a valid Mexican passport in order to enable Defendants use of the H-2A visa program for their agricultural operations.

51.     Each Plaintiff spent in excess of 1000 pesos to obtain a passport.

52.     Plaintiff Mendoza-Castro purchased a passport prior to the 2017 season.

53.     Plaintiff Altamirano-Santiago purchased a passport prior to the 2015 season.

54.     Plaintiff Canseco-Vasquez purchased a passport prior to the 2015 and 2018 seasons.

55.     Prior to departing Oaxaca, for the 2015, 2016 and 2017 seasons, Plaintiffs communicated with Sergio Perez who was one of the Defendants' supervisors.  Mr. Perez served as the employer point of contact for the H-2A job order and for the U.S. Consular processing in Mexico.

56.     Each season at issue in this suit, Sergio Perez collected fees from each Plaintiff and others similarly situated in the amount of $675 U.S. Dollars. Sergio Perez indicated that this fee was meant to cover some of the Defendants' expenses in recruiting foreign workers.

57.     While at work in California, prior to the upcoming season, Mr. Perez caused to be distributed envelopes in which Plaintiffs and others similarly situated were to place their $675. This typically occurred in September.

58.     The collection of fees by Sergio Perez was within his authority as an agent for Defendants and Defendants continued employment of Mr. Perez constituted a ratification of the fee collections.

59.     Plaintiffs and others similarly situated were instructed to travel from Oaxaca to the U.S. Consulate in either Nogales, Sonora, Mexico or in Tijuana, Baja California, Mexico.

60.     Plaintiffs and others similarly situated paid their own travel costs to the U.S. Consulate.

61.     The cost to travel from Oaxaca to the U.S. Consulate in either Hermosillo or Tijuana exceeded 4000 pesos.

62.     Plaintiffs and other similarly situated paid this travel expense in each season that they came to work for Defendants.

63.     For all seasons prior to 2018, Defendants' supervisor Sergio Perez was in charge of the consular processing and interviews for Plaintiffs and others similarly situated.

64.     Mr. Perez collected Plaintiffs' passports, completed consular paperwork electronically, and arranged for the distribution of passports with visas after consular processing.

65.     While awaiting their visa interviews and their visas, Plaintiffs and others similarly situated paid their own hotel expenses.

66.     Plaintiffs' hotel expenses typically exceed 500 pesos per person.

67.     In the 2018 season, Mr. Perez was replaced by Luis Garcia who also worked as a supervisor for Defendants.

68.     Each season, in late April or May, prior to the visa appointment date, Plaintiffs and others heading to work for Defendants in California, travelled from their home communities to the capital city, Oaxaca, Oaxaca.

69.     From Oaxaca, Plaintiffs and others travelled either by air to Hermosillo, Sonora or Tijuana or by bus to Mexico City and then by air to Hermosillo or Tijuana.

70.     Plaintiffs and others similarly situated paid in excess of 4,000 Mexican pesos each for this travel.

71.         Plaintiffs and others similarly situated paid their own subsistence costs for their travel which totaled more than four days including the time spent for consular processing.  Plaintiffs and others similarly situated also paid hotel costs for the nights they spent in Nogales, Sonora or Tijuana, Baja California.

72.         Plaintiffs and others similarly situated, were instructed to cross the border on foot. Plaintiff and others similarly situated paid the required $6 cost of the I-94 form upon entering the U.S.

73.         Plaintiffs and others similarly situated were transported by Defendants from the border to Santa Maria, California in vans or other vehicles operated by Defendants' employees.

74.         Plaintiffs and others similarly situated paid their own subsistence costs on the travel from the border to Santa Maria, California.

75.         The costs detailed above were necessary to Plaintiffs and others similarly situated employment by Defendants and were not reimbursed by Defendants.

76.         In 2016, Defendants through a supervisor requested workers to sign documents indicating the workers had been reimbursed.  The document was false, and Defendants knew the document, was false, but requested that workers sign the document to hide their violations of law.

77.         Defendants used a Monday to Sunday weekly pay period.

78.         During the H-2A contract, Plaintiffs worked a schedule that involved regular Monday through Saturday work.

79.         In addition, to the Monday through Saturday work, Defendants assigned work on most Sundays.

80.         Defendants compensated Plaintiffs and the others similarly situated for the Sunday work without the required overtime premium for seventh day work.

81.         Defendants provided no paystubs for work performed on Sundays and left the work off of the paystubs provided for Monday through Saturday work.

82.         Defendants used a separate company controlled by them, C.J.J. Farming, to pay the Sunday work and hide their violations of law.

COMPLAINT

83.          Upon information and belief, Defendants Better Produce, C.J.J. Farming and Rancho del Mar operate as a single enterprise at the direction of Defendant Cisneros.

84.          Plaintiffs were paid, in part, based on the quantity of produce picked.

85.          Additionally, prior to the 2018 season, when paid at a piece rate basis, Plaintiffs were not separately compensated at the applicable minimum wage for their nonproductive time.

86.          Because Defendants failed to record all hours worked, properly calculate overtime due, and pay their H-2A workers as required by law, the check stubs they provided to Plaintiffs and the other similarly situated workers were necessarily inadequate. The check stubs failed to include one day of work, and did not accurately reflect all hours of work, gross wages, or net wages for the pay period.

87.          At the conclusion of each work season, Defendants provided Plaintiffs return travel only to the Mexican border.

88.          Plaintiffs and others similarly-situated arranged their own travel within Mexico to return to their homes in the Mexican state of Oaxaca.

89.          Plaintiffs and others similarly-situated paid their own subsistence expenses from Santa Maria, California to their homes in Mexico; a trip which was over two days in duration.

90.          Plaintiffs' expenses to return exceeded $250 dollars.

91.          Plaintiffs and others similarly situated incurred necessary return travel expenses to leave the U.S. and return to Mexico at the conclusion of the work.

92.          The return travel expenses were Defendants' contractual obligation.

93.          Plaintiffs and others similarly situated last week income was reduced below minimum wage by the unreimbursed travel expenses that were incurred for Defendants' benefit.

94.          Plaintiffs and others similarly situated were housed by Defendants in housing Defendants selected in Santa Maria, California.

95.          Defendants determined the work site locations for Plaintiffs and others similarly situated to work.

96.          Plaintiffs and others H-2A workers similarly situated were required to travel to and from the worksites in the vehicles operated by Defendants.

97.        The housing location caused Plaintiffs and others similarly situated to incur substantial travel times to and from the work sites, and waiting times for transportation to and from the work sites, in excess of one hour per day.

98.        Plaintiffs and others similarly situated were not compensated for their travel and waiting time, nor was the amount of their travel and waiting time recorded by Defendants.

99.        Plaintiffs did not always receive a thirty-minute meal period, a timely meal period and/or an uninterrupted thirty-minute meal period for every five hours worked.

100.       Defendants did not provide Plaintiffs and others similarly situated with the legally required premium payment for missing the mandated meal period, receiving a tardy or short meal period, or for failing to provide a second meal period when required.

101.       Plaintiffs and others similarly situated were not authorized or permitted to take a second uninterrupted ten-minute rest breaks in which they were relieved of all duties on days in which they worked longer than six hours.

102.       Plaintiff and other similarly situated employees were not paid the legally required premium for missing their mandatory rest period.

### EMPLOYERS

103.       Defendant Better Produce is a California corporation engaged in the business of strawberry, pepper and other agricultural products production and sales.

104.       On information and belief, Defendant Better Produce owns, leases or controls agricultural property in and around Santa Maria, California.

105.       Defendant Better Produce had a high degree of control over the land, including the strawberry and pepper cultivation, and had its supervisors present to check and direct the work of Plaintiffs and others similarly situated.

106.       Defendant Rancho del Mar was a labor contractor for Defendant Better Produce in that they supplied Defendant Better Produce with workers as part of the usual course of business to

1  provide agricultural labor in connection with the production of strawberries, peppers, and/or other

2  agricultural crops for Defendant Better Produce.

3  107.        At all times relevant to Plaintiff's claims, Defendant Better Produce had a workforce

4  of at least 25 workers, including workers supplied by Defendant Rancho del Mar.

5  108.        Through the relationship described in paragraphs 105 through 107, Defendant Better

6  Produce had the power to control Plaintiffs' work.  Defendant Better Produce exercised this power,

7  in part, by directing Plaintiffs and others similarly situated through supervisory employees they

8  employed.

9  109.        The hand-harvesting work Plaintiffs performed was an integral step in Defendant

10  Better Produce's overall business of producing and selling strawberries, peppers and other crops.

11  110.        Plaintiffs and others similarly situated performed their work on land controlled by

12  Defendants Better Produce and Cisneros.

13  111.        The working relationship between Plaintiffs and other similarly situated and

14  Defendant Better Produce was present throughout the duration of employment with Defendants.

15  112.        Defendant Better Produce controlled the property upon which Plaintiffs labored, and

16  as a matter of economic reality, Plaintiffs and others similarly situated were economically

17  dependent on Defendants Better Produce and Cisneros.

18  113.        For each action taken by Defendants Rancho del Mar in furtherance of their business

19  arrangement with Defendant Better Produce —including, *inter alia*, recruiting, hiring, supervising,

20  housing, feeding, transporting, and paying H-2A and domestic workers, Defendant Rancho del Mar

21  acted as agents of Defendants Better Produce, C.J.J. Farming and Cisneros.

22  114.        Those actions not expressly authorized by Defendant Better Produce, C.J.J. Farming

23  or Cisneros were ratified by these defendants.

24  **CLASS ACTION ALLEGATIONS**

25  115.        **Proposed Class.** Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules

26  of Civil Procedure on behalf of the following Class:

27           a.        All workers employed by Defendants at work sites in California pursuant to an H-2A

28                     job order.

116.    There is a well-defined community of interest in the litigation and the class is ascertainable:

  a.    Numerosity: The Plaintiff Class is numerous such that the individual joinder of all members is impractical.  While the exact number of class members is unknown to Plaintiff at this time, Plaintiff believes that the class consists of more than 200 individual employees. The names and addresses of the Class Members are available from Defendants. Notice can be provided to the Class Members via mail, Facebook, radio and postings using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

  b.    Typicality.   Plaintiffs' claims are typical of the claims of each class he seeks to represent in that they arise from Defendants' failure to conform their wage and hour practices to the requirements of the Fair Labor Standards Act, the federal H-2A regulations, the employment contract, the California Labor Code and the applicable California Wage Order, resulting in injury to Plaintiff and the other putative class members.

117.    **Common Questions Predominate**:  The questions raised by this Complaint are of common or general interest to the members of the Plaintiff Class, who have a well-defined community of interest in the questions of law and fact raised in this action.  Common questions of law and fact exist as to all members of the Plaintiff Class and predominate over any questions that affect only individual members of the Class. The common questions of law and fact applicable to both classes include, but are not limited to:

  a.    Whether the Defendants failed to reimburse Plaintiff and others similarly situated for expenses incurred for the Defendants' benefit;

  b.    Whether Defendants' pay practices, including those of failing to record compensable travel and wait time and failing to record Sunday work, conform to the requirements of the California Labor Code, Wage Order 14,  the job order and the H-2A program regulations;

  c.    Whether the Defendants failed to pay the contractual wages promised in their job

1               orders, violating the H-2A regulations and breaching the employment contract;

2        d.      Whether the Defendants failed to record and compensate the Plaintiff Class for all

3               hours of work, and thus, failing to pay them minimum wage as required by

4               California Labor Code §§ 1182.11-1182.13, and 1197, and Wage Order 14;

5        e.      Whether the Defendants failed to pay all members of the Plaintiff Class their full

6               wages when due in violation of California Labor Code § 201;

7        f.      Whether the Defendants failed to pay waiting time penalties for all members of the

8               Plaintiff Class who quit, were discharged, or upon termination of the seasonal work

9               during the H-2A contract period, as required by Cal. Labor Code § 203;

10       g.      Whether, through the unlawful conduct herein alleged, the Defendants violated Cal.

11             Business and Professions Code § 17200 et seq.;

12       h.      Whether the Defendants are liable as joint employers for the actions perpetrated

13             against the Plaintiff Class;

14       i.      What relief is necessary to remedy Defendants' unfair and unlawful conduct as

15             herein alleged; and,

16       j.      Other common questions of law and fact.

17 118.        **Adequacy of Plaintiff as the Class Representative.**  Plaintiffs can adequately and

18 fairly represent the interests of the Plaintiff Class as defined above because his individual interests

19 are consistent with, not antagonistic to, the interests of the class. Further, Plaintiffs have no actual or

20 potential conflict with any member of the class.

21 119.        **Adequacy of Counsel for the Class.**  Counsel for Plaintiff possess the requisite

22 resources and ability to prosecute this case as a class action and are experienced labor and

23 employment attorneys who have successfully litigated other cases involving similar issues.

24 120.        **Propriety of Class Action Mechanism.**  Class certification is appropriate under

25 Rule 23(b)(3) because common questions of law and fact predominate over any questions affecting

26 only individual members of each Class. Defendants have implemented a scheme that is generally

27 applicable to the Plaintiff Class, making it appropriate to issue relief, including injunctive relief and

28 corresponding declaratory relief with respect to the Plaintiff Class.  In particular, the violations of

1  law perpetrated against all Class Members in this case revolve around the application and

2  interpretation of the H-2A Contract (the job order) that Defendants submitted each season.

3  Similarly, the Defendants' liability as joint employers is based on actions taken with regard to the

4  Plaintiff Class as a whole.  The relationship between Defendant Better Produce and the Plaintiff

5  Class is also common to members of the class.

6  121.  The Plaintiff Class has been injured and is entitled to recover from Defendants for

7  wrongful conduct and injuries.  Class treatment will allow those similarly-situated persons to

8  litigate their claims in the manner that is most efficient and economical for the parties and the

9  judicial system.  Further, the prosecution of separate actions against Defendants by individual class

10  members would create a risk of inconsistent or varying adjudications that would establish

11  incompatible standards of conduct for Defendants.  For all these and other reasons, a class action is

12  superior to other available methods for the fair and efficient adjudication of the controversy set forth

13  in this Complaint.

14  **CLAIMS FOR RELIEF**

15  FIRST CLAIM FOR RELIEF – FLSA MINIMUM WAGE

16  122.  This Count brought pursuant to 29 U.S.C. § 216(b) sets forth a claim by Plaintiffs

17  and others similarly situated against Defendants RANCHO DEL MAR, BETTER PRODUCE,

18  AND CISNEROS for violation of the Fair Labor Standards Act's Minimum Wage provisions found

19  at 29 U.S.C. § 206(a).

20  123.  Plaintiffs and others similarly situated incorporate the allegations above made in

21  paragraphs 45 to 75.

22  124.  As detailed above, Defendants failed to pay Plaintiffs and the Opt-in Plaintiffs at

23  least the required average minimum hourly wage for every compensable hour of labor performed in

24  a workweek, as required by 29 U.S.C. § 206(a).

25  125.  The violations of the FLSA resulted, in part, from Defendants' failure to reimburse

26  expenses as detailed in paragraphs 45 through 75 above, which Plaintiffs and the Opt-in Plaintiffs

27  incurred primarily for the benefit or convenience of Defendants prior to their first week of work,

28  during a subsequent work week, or after their last week of work. When these expenses were

1   subtracted from the Plaintiffs' and Opt-in Plaintiffs' first week's pay, interim week's pay, and/or last

2   week's pay, as required by law, their earnings fell well below the required average minimum hourly

3   wage for those pay periods.

4   126.        Defendants' violations set out in this Count were willful within the meaning of

5   FLSA as Defendants had knowledge of their FLSA obligations, including being informed by the

6   U.S. Department of Labor of the obligation to reimburse, and yet still failed to comply with their

7   FLSA obligations.

8   127.        Pursuant to 29 U.S.C. § 216(b), as a result of Defendants' violations of the FLSA set

9   forth in this Count, Plaintiffs and the Opt-in Plaintiffs are entitled to recover the amount of their

10  unpaid wages and an equal amount as liquidated damages for each workweek in which they were

11  suffered or permitted to work at Defendants' operations and during which they earned less than the

12  applicable minimum wage.

13  128.        Plaintiffs and the Opt-in Plaintiffs also seek, and are entitled to, reasonable attorneys'

14  fees incurred by their counsel and costs of Court pursuant to 29 U.S.C. § 216(b).

15                 SECOND CLAIM FOR RELIEF – CALIFORNIA MINIMUM WAGE

16  129.        Pursuant to Rule 23(b)(3), Plaintiffs bring this as a class claim and allege that

17  Defendants' actions violated their rights and the rights of other similarly situated individuals to

18  receive the minimum wage required by California Law.

19  130.        As described above in paragraph 94 through 98, Defendants did not record and

20  compensate portions of Plaintiffs and class members work day including compensable travel,

21  waiting time, and non-productive time.

22  131.        The hours, referenced above, were worked without additional payment.

23  Consequently, those hours were not paid in compliance with California's minimum wage laws.  Cal.

24  Labor Code §§ 1182.11-1182.13, 1194, and 1197.

25  132.         As a result of Defendants' failure to comply with the aforementioned portions of the

26  California Labor Code and Wage Order 14, Plaintiffs and members of the Plaintiff Class have been

27  deprived of wages due them in amounts to be proven at trial, and are also owed liquidated damages

28  for violations of their right to a minimum wage.

133.        Plaintiffs seek to recover their unpaid wages remaining due for all uncompensated hours, plus reasonable attorneys' fees and costs as authorized by Cal. Labor Code § 1194(a). Plaintiffs also seek to recover liquidated damages as authorized Cal. Labor § 1194.2.

THIRD CLAIM FOR RELIEF

FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF

CALIFORNIA LABOR CODE § 1194 and WAGE ORDER 14

134.        Plaintiffs incorporates the allegations in paragraphs 1 to 121.

135.        Plaintiffs bring this claim pursuant to California Labor Code § 1194 on behalf of themselves and a class of other workers, pursuant to Federal Rule 23(b)(3), and alleges that Defendants have violated California Industrial Welfare Commission Wage Order 14 by failing to accurately record and pay overtime wages for work performed.

136.        Defendants failed to pay Plaintiffs and the Plaintiff Class overtime wages in the amount of one and a half times the regular rate for all hours worked in each workday in excess of ten (10) hours, and failed to pay for the first eight (8) hours on the seventh day of work at the time and a half rate, and double regular rate of pay for all hours worked over eight on the seventh day of work in a workweek as required by California Labor Code § 1194 and Wage Order 14.

137.        Specifically, Defendants failed to accurately record and compensate their H-2A workers for all compensable hours, including mandatory transportation time, waiting time, and Sunday work time as detailed in paragraphs 77 through 88 and 94 through 98.

138.        As such, Plaintiffs and others similarly situated worked seventh day hours which Defendants failed to record along with Plaintiffs and the class' unrecorded transportation and waiting time.

139.        Plaintiffs and a class of others similarly situated did not receive premium pay for all overtime hours worked as detailed in paragraphs 79 through 98.

140.        As a direct and proximate result of the acts and/or omissions of the Defendants, Plaintiffs and the class have been deprived of overtime wages due and are entitled to recover their unpaid wages.

141.        Plaintiffs and the Plaintiff Class seek the relief described below, including damages

1   in the amount equal to unpaid overtime hours (at the premium rate), pre- and post-judgment interest

2   and attorney's fees and costs pursuant to Cal. Labor Code § 1194.

3                    FOURTH CLAIM FOR RELIEF - BREACH OF CONTRACT

4   142.           Plaintiffs incorporate the allegations in paragraphs 1 to 121.

5   143.           This Count sets forth a claim against Defendants Rancho del Mar, Cisneros and

6   Better Produce.

7   144.           Pursuant to Rule 23(b)(3), Plaintiffs bring this claim on behalf of himself and the

8   class for Defendants' failure to pay the higher of the contractually promised wage rate, the

9   prevailing wage, or the state or federal minimum wage, for all compensable hours worked under the

10  terms of the H-2A job orders.

11  145.           Plaintiffs and all similarly situated H-2A workers and domestic workers in

12  corresponding employment entered into employment contracts for the work to be performed under

13  the terms and conditions contained in the H-2A job order attached as Exhibits B through F.

14  146.           Plaintiffs and others similarly situated were promised the higher of the contractual

15  wage rates listed in paragraph 42, the prevailing wage or piece rate, or the state or federal minimum

16  wage.

17  147.           Plaintiffs and others similarly situated were contractually promised payment or

18  reimbursement for their travel costs to the work site.

19  148.           Plaintiffs and others similarly situated were contractually promised payment or

20  reimbursement for their travel costs from the work site to the place from which the worker had

21  come to work for Defendants.

22  149.           Plaintiffs and similarly situated workers performed on their relevant employment

23  contracts.

24  150.           Defendants failed to pay Plaintiffs and others similarly situated for all compensable

25  hours worked at the contractually promised wage rates.

26  151.           Defendants failed to pay Plaintiffs and the class, in part, because the Defendants did

27  not record or compensate for time in which Plaintiffs and the class were transported in the

28  Defendants' bus system, or were otherwise engaged in pre or post-shift work as further detailed in

1  | paragraphs 79 through 98.

2  | 152.        The Defendants failed to correctly compensate Plaintiffs and others similarly situated

3  | when they chose to pay them less than the required California's seventh day premium pay required

4  | for work performed on Sundays as detailed in paragraphs 79 through 82.

5  | 153.        Defendants failed to reimburse Plaintiffs and others similarly situated for their travel

6  | and subsistence costs to come from Mexico to the work site in California.

7  | 154.        Defendants failed to provide or reimburse Plaintiffs and others similarly situated for

8  | their travel and subsistence costs to return to the place from which they had come to work for

9  | Defendants.

10 | 155.        As a direct and proximate result of this failure, Plaintiffs and the Plaintiff Class have

11 | been deprived of contractual wages due based on the federally mandated wage rate, as discussed in

12 | paragraphs 41 through 44, and are entitled to recover the amounts due.

13 | 156.        Plaintiff and others similarly situated seek relief as described below, including

14 | damages in the amount of the unpaid contractual wages and reimbursements due to them.

15 |                     FIFTH CLAIM FOR RELIEF

16 |     FAILURE TO INDEMNIFY EMPLOYEES FOR WORK RELATED EXPENSES IN

17 |              VIOLATION OF CALIFORNIA LABOR CODE § 2802

18 | 157.        Plaintiffs incorporate the allegations in paragraphs 1 to 121.

19 | 158.        This count sets forth a claim against all Defendants.

20 | 159.        Pursuant to Federal Rule 23(b)(3), Plaintiffs brings this claim on behalf of himself

21 | and the class and alleges that the Defendants' actions violated his rights and the rights of other

22 | similarly situated individuals to receive reimbursement for work-related expenses under California

23 | Labor Code § 2802.

24 | 160.        The Defendants regularly paid Plaintiffs and similarly situated domestic workers the

25 | state minimum wage, a piece wage rate, or a contractual wage, all of which were less than twice the

26 | applicable state minimum wage.

27 | 161.        Defendants were required to indemnify Plaintiff and others similarly situated from

28 | all necessary expenditures in following the directions of Defendants.

162.      As stated in paragraphs 55 through 75, Plaintiffs and members of the class purchased travel and identity documents which were necessary for Defendants' participation in the H-2A visa program.

163.      Similarly, Plaintiffs and member of the class had to pay return travel expenses, as detailed in paragraphs 87 through 91, which were Defendant Rancho del Mar's contractual and legal obligation as part of their participation in the H-2A program.

164.      Plaintiffs and similarly situated workers were never reimbursed for these expenses.

165.      Because of the Defendants conduct, Plaintiffs and members of the class have suffered financial losses.

166.      Plaintiffs and members of the class seek from Defendants RANCHO DEL MAR, BETTER PRODUCE, C.J.J. FARMING, and CISNEROS reimbursement of all expenses incurred in the performance of their work duties, reasonable attorneys' fees and costs pursuant to Cal. Labor Code § 2802, as well as appropriate declaratory and injunctive relief.

SIXTH CLAIM FOR RELIEF

WAITING TIME PENALTIES FOR FAILURE TO TIMELY PAY ALL WAGES DUE IN

VIOLATION OF LABOR CODE §§ 201-203

167.      Plaintiffs incorporate the allegations in paragraphs 1 to 121.

168.      This count sets forth a claim against all Defendants.

169.      Pursuant to Cal. Labor Code § 203, Plaintiffs bring this claim on behalf of himself and the class, pursuant to Rule 23(b)(3), for all Defendants' failure to pay all outstanding wages due upon separation from employment.

170.      When seasonal employment comes to an end, California law requires an employer immediately pay all wages owed which in no event can be a period greater than 72 hours.  Cal. Labor Code § 201.

171.      Where an employer fails to comply with Cal. Labor Code §§ 201, the affected employee is entitled to receive a penalty in the amount of one day's wages for every day that their employer willfully denies this final payment of wages, up to a maximum of 30 days.  Cal. Labor Code § 203.

172.        The Defendants did not pay Plaintiff or similarly situated class members all their wages owed, including payment for all hours worked and overtime premium pay.

173.        Plaintiffs and others similarly situated did not receive these wages in their last paycheck upon the seasonal end of their employment with the Defendants.

174.        By failing to compensate Plaintiffs, and similarly situated members of the Plaintiff Class who have quit, been discharged, or ceased to have seasonal employment during the relevant statutory period as required by the California Labor Code and the applicable wage order, Defendants have willfully failed to make timely payment of the full wages due to their former employees in violation of Cal. Labor Code § 201.

175.        Pursuant to Cal. Labor Code § 203, Plaintiffs and members of the Plaintiff Class who have quit, been discharged, or seasonally ceased to have employment with the Defendant during the relevant statutory period are entitled to waiting time penalties of up to 30 days' wages per person.

SEVENTH CLAIM FOR RELIEF

UNLAWFUL AND/OR UNFAIR BUSINESS PRACTICES, VIOLATION OF UNFAIR

COMPETITION LAW, CAL. BUS. & PROF. CODE §§ 17200-17208

176.        Plaintiffs incorporate the allegations in paragraphs 1 to 121.

177.        This count sets forth a claim against all Defendants.

178.        Pursuant to Rule 23(b)(3), Plaintiffs bring this claim on behalf of themselves and the Plaintiff Class, alleging that Defendants have acted contrary to public policy, violated specific provisions of the California Labor Code, and engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200, et seq., depriving Plaintiffs, and all persons similarly situated, of rights, benefits, and privileges guaranteed under law.

179.        Defendants failed to record all daily hours worked by Plaintiffs and others similarly situated violating the record keeping requirements of California Lab. Code § 1174(d).

180.        Defendants failed to compensate employees for all their hours worked, in violation of Cal. Labor Code §§1182.12, 1194, 1197, and the applicable provisions of Wage Order 14-2001.

181.        Defendants failed to pay overtime premiums by excluding Sunday work, waiting

time, and compensable travel time from Plaintiffs and others similarly situated pay records and failed to compensate fully for work performed in excess of ten (10) hours per work day, or sixty (60) per work week, contrary to the applicable provisions of Cal. Labor Code § 1198 and Wage Order 14.

182.     Defendants failed to pay the contractually promised contractual and overtime wage rate for all hours worked under the relevant job order.

183.     Defendants failed to provide or reimburse all necessary work-related expenses incurred, in violation of California Labor Code § 2802 and the applicable employment contracts (job orders).

184.     Defendants failed to provide accurate itemized wage statements as required by both California Labor Code § 226(a), the H-2A contract and H-2A regulations at 20 C.F.R. § 655.122(k) and failed to maintain complete and accurate itemized wage statements as required by California Labor Code § 226, the H-2A contract, and the H-2A regulations at 20 C.F.R. § 655.122(j).

185.     Defendants failed to pay full wages when due as required by California Labor Code § 201, the H-2A contract, and the H-2A regulations at 20 C.F.R. § 655.122(l).

186.     Defendants conduct, as detailed above, have injured Plaintiffs and the class by depriving them of their rights as workers and by causing them and each member of the class economic harm through deprivation of wages and other monies owed to them as Defendants' employees.

187.     Defendants by engaging in the unfair business practices discussed above, have received and retained funds that rightfully belong to Plaintiffs and those similarly situated. These unlawfully obtained monies have allowed the Defendants to generate more profits through their agricultural business, ultimately resulting in unjust enrichment.

188.     These funds unlawfully obtained by Defendants constitute an unfair advantage over legitimate business competitors in the strawberry and pepper agricultural markets.  This advantage was gained at the expense of the employees and the public at large.

189.     Through this claim, Plaintiffs on behalf of himself and the class seeks all relief as

1    may be necessary to restore Defendants' ill-gotten gains to all employees who were adversely

2    affected by these unfair and unlawful business practices.

3    190.        Plaintiffs request that the Court issue an Order requiring the Defendants pay lawful

4    wages to prevent this anti-competitive behavior in the future and requiring restitution.

5    191.        In addition, because Plaintiff is enforcing important rights affecting the public

6    interest within the meaning of California Code of Civil Procedure § 1021.5, they seek payment of

7    attorney's fees and costs associated with this suit.

8                               EIGHTH CLAIM FOR RELIEF

9           VIOLATION OF THE CALIFORNIA LABOR CODE AND INDUSTRIAL WELFARE

10   COMMISSION WAGE ORDER 14 FOR FAILURE TO PROVIDE ADEQUATE MEAL AND

11                                    REST PERIODS

12   192.        Plaintiffs bring this as a class claim, pursuant to Federal Rule of Civil Procedure

13   23(b)(3), and alleges that Defendants actions violated Plaintiffs' rights and the rights of other

14

15   similarly situated individuals to receive adequate rest and meal periods.

16   193.        As detailed in paragraphs 99 through 102 above, Defendants did not provide

17   Plaintiffs and other similarly situated employees rest periods of "ten (10) minutes, per four (4)

18   hours [of work] or major fraction thereof" as required by Wage Order 14,  para. 12.

19

20   194.        Defendants did not authorize and permit workers to take more than one rest period

21   per day, as alleged in paragraph 101.

22   195.        In addition, Defendants did not always provide Plaintiff and other similarly situated

23   employees an off-duty 30-minute meal period "after a work period of not more than five (5) hours"

24   as required by Wage Order 14, para. 11.

25   196.        Additionally, no second meal period was provided when Plaintiffs and others

26   similarly situated worked more than ten hours in a row.  The duration of their shift in these cases

27   entitled them to a second meal period.

28

197.        California law, including California Labor Code §§ 226.7 and 512, requires Defendants to permit and authorize Plaintiffs and members of the putative Plaintiff Class to take all meal and rest periods specified in the applicable Wage Order and entitles Plaintiffs and members of the Plaintiff Class to be paid one extra hour of pay per day at their regular rate of compensation as additional wages for each day they were denied one or more required rest periods.  They are also entitled to an additional hour of pay at their regular wage of compensation for each day they were denied an uninterrupted thirty-minute meal period.  Plaintiffs and others similarly situated are entitled to the aforementioned premium compensation for meal and rest break violations that occurred.

198.        As described in paragraph 102, Plaintiff did not receive this premium compensation for their missed meal and rest periods.

199.        Consequently, Plaintiffs and all similarly situated employees seek restitution in the amount of the wages they are entitled to under Cal. Labor Code § 226.7(b) for each workday where they were not permitted to take off-duty rest and/or meal periods during the 2018 seasons.

PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(a) That the Court assume supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367;

(b) That the Court certify the class defined herein;

(c) For an order appointing Plaintiffs as class representatives, and Plaintiffs' counsel as class counsel;

(d) Under the First Claim for Relief:

1.   Declare that this action may be maintained as a FLSA collective action pursuant to 29 U.S.C. § 216(b) and others similarly situated to opt-in to this action;

2. Grant judgment against Defendants, jointly and severally, and in favor of Plaintiffs and Opt-In Plaintiffs in the amount of his or her respective unpaid wages, plus an equal amount in liquidated damages, pursuant to 29 U.S.C. § 216(b); and

3. Award Plaintiffs their attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

(e) Under the Second Claim for Relief:

1. Grant judgment against all Defendants and in favor of Plaintiffs and both classes of similarly situated workers for violations of California Labor Code §§ 1182.11-1182.13, and 1197 such that:

   a. Plaintiffs receive the full unpaid balance of their wages owed. In addition, grant Plaintiffs and the Plaintiff Class liquidated damages in the amount of their minimum wage loss for the violation of their right to minimum wage pursuant to Cal. Labor Code §§ 1194, 1194.2 and 1197.

   b. Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's minimum wage requirements; and

2. Award Plaintiffs attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(f) Under the Third Claim for Relief:

1. Grant judgment against all Defendants and in favor of Plaintiffs, as well as all similarly situated workers in the H-2A class for violations of California Labor Code §§ 510, 1198 and Wage Order 14 such that:

   a. Plaintiffs receives wages for their unpaid hours of work and the overtime premiums that they are entitled to.

   b. Plaintiffs receive appropriate injunctive relief, including an order requiring Defendants to comply with California's overtime laws.

2. Award Plaintiffs' attorneys' fees and costs pursuant to California Labor Code § 1194(a).

(g) Under the Fourth Claim for Relief:

1        1.    Grant judgment against all Defendants and in favor of Plaintiffs and all similarly

2             situated workers for violation of the applicable contracts, including the contract

3             attached hereto as Exhibits B-F, and order that each Plaintiff Class member receive

4             the wages they were entitled under said contracts for each hour they worked; and

5    (h) Under the Fifth Claim for Relief:

6        1.    Grant judgment against Defendants and in favor of Plaintiffs and the Plaintiff Class

7             for violations of Cal. Labor Code § 2802 such that:

8             a.    Plaintiffs and members of the putative Plaintiff Class receive restitution for

9                 all monies spent on work-related expenses in the four years prior to this

10                action.

11             b.    Plaintiffs receive appropriate injunctive relief, including an order requiring

12                 Defendants to correctly provide or reimburse workers for all travel and

13                 immigration expenses required by Defendants' participation in the H-2A visa

14                 program.

15    (i)  Under the Sixth Claim for Relief:

16        1.    Grant judgment against all Defendants and in favor of Plaintiffs and all similarly

17             situated workers for violations of California Labor Code § 201.

18        2.    Award damages pursuant to California Labor Code § 203 in the amount of one day's

19             wages, up to a maximum of 30 day's wages, per employee who was terminated or

20             left their employment with Defendants without timely receiving all outstanding

21             wages due to them.

22        3.    Grant appropriate injunctive relief, including an order requiring Defendants to

23             comply with the requirement to timely pay all wages owing within the time periods

24             set by Cal. Labor Code § 201 at the end of a worker's employment.

25    (j)  Under the Seventh Claim for Relief:

26        1.    Grant judgment against Defendants and in favor of Plaintiffs and all similarly

27             situated workers for violations of Cal. Business and Professions Code § 17200

28             such that:

a.   Plaintiffs and each Plaintiff Class member receive all wages that they were unlawfully deprived of due to Defendants' unfair business practices;

2.   Award attorneys' fees and costs pursuant to California Code of Civil Procedure § 1021.5, as the Plaintiff is enforcing an important right affecting the public interest.

(k) Under the Eighth Claim for Relief:

1.   Grant judgment against Defendants and in favor of Plaintiffs and all similarly situated workers for violations of California Labor Code §§ 226.7 and 512 and Wage Order 14 such that Plaintiff and others similarly situated receive all premium payments owed for missed meal and rest periods in the four years prior to this action.

2.   Award Plaintiffs' attorney's fees and costs pursuant to California Labor Code § 1194(a).

(l)   Award Plaintiffs pre- and post-judgment interest as allowed by law, including as allowed by Cal. Civil Code §§ 3287(a) and 3289(b) and Cal. Labor Code §§ 218.6 and 1194, and/or any other applicable provision providing for interest;

(m) Grant declaratory relief as appropriate;

(n)  Cast all costs upon Defendants; and

(o)  Award Plaintiffs and the Plaintiff Class such further relief, at law or in equity, as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims for relief with respect to which he has a right to jury trial.

DATED: May 6, 2019

*s/ D. Morton*
DAWSON MORTON
ATTORNEY FOR PLAINTIFF

COMPLAINT