**O**

1
2
3
4
5
6
7
8
9
10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| 13  MANUEL DE JESUS ALTAMIRANO-<br>14  SANTIAGO, LUCIO MENDOZA-<br>CASTRO, FREDI SAUL CANSECO-<br>15  VASQUEZ, and others similarly situated<br>16<br>17  Plaintiffs,<br>18  v.<br>19  BETTER PRODUCE, INC., RANCHO<br>20  DEL MAR, INC., C.J.J. FARMING, INC.,<br>21  and JUAN CISNEROS,<br>22  Defendants.<br>23 | Case No.  19-cv-3964 DDP (FFMx)<br><br>**ORDER GRANTING PLAINTIFF'S<br>MOTION TO CERTIFY FLSA<br>COLLECTIVE ACTION**<br><br>[Dkt. 23] |

24
25
26
27
28

Presently before the court is Plaintiffs Manuel de Jesus Altamirano-Santiago, Lucio Mendoza-Castro, and Fredi Saul Canseco-Vasquez (collectively, "Plaintiffs")' Motion to Certify FLSA Collective Action.  (Dkt. 23.)  Having considered the parties' submissions, the court adopts the following order.

## I. BACKGROUND

Plaintiffs are "agricultural workers imported from Mexico by Defendants to work in Defendants' strawberry fields." (Dkt. 1, Compl. ¶ 1.) Defendants are Rancho del Mar, Better Produce, Inc., C.J.J. Farming, Inc., all California corporations with their principal place of business in Santa Maria, California, and Juan Cisneros, Chief Executive Officer of all corporate defendants (collectively, "Defendants"). (*Id.* ¶¶ 14-17.) Defendant Rancho del Mar "functions as a farm labor contractor for Defendants Better Produce and C.J.J. Farming." (*Id.* ¶ 19.)

Plaintiffs "were recruited from Oaxaca to work for Defendants" under the "H-2A program." (*Id.* ¶¶ 20, 45.) Under the H-2A program, an agricultural employer may import workers to work in agriculture on a temporary basis. (*Id.* ¶ 20 (citing 8 U.S.C. § 1101(a)(15)(H)(ii)(a).) Employers file a temporary labor certification with the U.S. Department of Labor ("DOL") including a job offer, known as a "job order." (*Id.* ¶ 21.) The "job order contains the terms to be offered to both foreign H-2A workers and domestic workers throughout the United States." (*Id.* (citing 20 C.F.R. § 655.12(a)(2)). The "terms and conditions of the job orders, together with the requirements of 20 C.F.R. part 655, constituted employment contracts for Plaintiffs, Opt-in Plaintiffs, and others similarly situated." (*Id.* ¶ 22.)

Plaintiffs completed visa paperwork with an individual from the office of Defendant Better Produce. (*Id.* ¶ 46.) Plaintiffs allege that they were "required to obtain a passport at their own expense without reimbursement from Defendants." (*Id.* ¶ 48.) Further, Plaintiffs allege that they were "instructed to travel from Oaxaca to the U.S. Consulate" and were required to pay the cost of travel, hotel expenses, the fee to cross the U.S.-Mexican border, and the "subsistence costs on the travel from the border to Santa Maria, California." (*Id.* ¶¶ 59-74.) These costs were "necessary to Plaintiffs and others similarly situated . . . and were not reimbursed by Defendants." (*Id.* ¶ 75.)

Additionally, Plaintiffs allege that each season, a supervisor for Defendants "collected fees from each Plaintiff and others similarly situated in the amount of $675 U.S. Dollars." (*Id.* ¶ 56.) The supervisor "indicated that this fee was meant to cover some of the Defendants' expenses in recruiting foreign workers. (*Id.*) Plaintiffs also allege that their "return travel expenses were Defendants' contractual obligation," but Plaintiffs "arranged their own travel," and paid their own expenses to return to their homes in Oaxaca. (*Id.* ¶¶ 87-92.)

While working for Defendants, Plaintiffs allege that they worked Monday through Saturday, and that "Defendants assigned work on most Sundays." (*Id.* ¶ 79.) For this seventh day of work, Defendants compensated Plaintiffs "without the required overtime premium" and "used a separate company controlled by them, C.J.J. Farming," to "hide their violations of the law." (*Id.* ¶¶ 79-82.) Plaintiffs further allege Defendants did not compensate their travel and wait time to go to work, Plaintiffs did not always receive a timely meal period, a thirty-minute meal period, or required rest breaks. (*Id.* ¶¶ 98-102.)

Based on these allegations, Plaintiffs bring this suit claiming violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 209(a), violations of California's Labor Code, violation of California's Unfair Competition Law, and breach of contract.

Plaintiffs now move for conditional collective action certification under FLSA. (Dkt. 23.) Following oral argument on the present motion, the court ordered the parties to submit a revised proposed notice reflecting the parties' agreed upon changes and identifying terms the party seeks to include and terms to which the party objects. (Dkt. 43.) Accordingly, the parties submitted revised proposed notices. (Dkts. 44, 45.)

## II. DISCUSSION

An employer who violates FLSA is liable to its employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An employee may bring an action under FLSA

against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* Therefore, "workers may litigate jointly if they (1) claim a violation of the FLSA, (2) are 'similarly situated,' and (3) affirmatively opt in to join the litigation, in writing." *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1100 (9th Cir. 2018) (quoting 29 U.S.C. § 216(b)). FLSA actions generally proceed by way of a two-step certification process: conditional or preliminary certification early in litigation, and decertification after discovery. *See id.* "[W]hile conditional certification at the first stage is by no means automatic, Plaintiffs' burden is light." *Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 925 (D. Ariz. 2010). This is in part because the "'sole consequence' of a successful motion for preliminary certification is 'the sending of court-approved written notice' to workers who may wish to join the litigation as individuals." *Campbell*, 903 F.3d at 1101 (quoting *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013)).

The FLSA does not define the term "similarly situated," and the Ninth Circuit only recently addressed the issue. *See Campbell*, 903 F.3d at 1100. The court found that "the natural answer to the proper inquiry" is "that party plaintiffs must be alike with regard to some material aspect of their litigation." *Id.* at 1114. Therefore, "[p]arty plaintiffs are similarly situated, and may proceed in a collective, to the extent they share a similar issue of law or fact material to the disposition of their FLSA claims." *Id.* at 1117. For example, a department-wide policy or allegations of employment in the same capacity may be sufficient to establish a similar issue of law or fact at the conditional certification stage. *Id.* at 1102 ("credible allegations of a Department-wide policy should suffice to make the [plaintiffs] similarly situated"); *Smith*, 2019 WL 1932117 at *1-3

(finding that because employees similarly alleged that their supervisors entered incorrect time sheets, denied lunch breaks, and had "the same meal period policy," the employees were similarly situated); *Dudley v. TrueCoverage LLC*, No. CV 18-3760, 2018 WL 6431869 at *3-4 (C.D. Cal. Sept. 28, 2018) (finding that because employees signed the same "Independent Agent Agreement" with similar pay, hours and overtime, they sufficiently showed they were "employed in the same capacity" and were similarly situated.)

Here, Plaintiffs allege violations of the FLSA for failure to pay minimum wages. (Compl. ¶ 2.) Additionally, each Opt -in Plaintiff signed a consent form to bring a "wage suit under the Fair Labor Standards Act." (*Id.* Ex. A.) As such, the only remaining issue is whether Plaintiffs and potential opt-in plaintiffs are "similarly situated."

Plaintiffs allege that "Defendants failed to pay Plaintiffs and the Opt-in Plaintiffs at least the required average minimum hourly wage for every compensable hour of labor," because Defendants failed to reimburse expenses and collected fees from each plaintiff at the end of each season. (*Id.* ¶¶ 124-25.) Named plaintiffs are all from Oaxaca, Mexico, allege that they were employed by the same Defendant, were all required to pay for their own expenses to travel to their place of employment, and allege that Defendant collected from each of them $675 at the end of each season. (Motion at Ex. B-D.) Because the allegations and Plaintiffs' declarations indicate that the Plaintiffs were employed by the same entity, at around the same time, worked in the same job capacity, and allege the same company-wide policy, they are alike in material aspects of the litigation. Thus, they share similar issues of law and fact, and are consequently similarly situated.

Defendants argue that Plaintiffs' proposed collective action that includes "All individuals who performed planting or harvesting" is beyond the scope of the complaint because the proposed collective action is "not limited to H-2A employees, which is what all the named plaintiffs claim to be and what the FLSA claims are based upon." (Opp. at

1: 13-17.)[1]  Defendants argue that the FLSA claim, as currently pled, only incorporates Paragraphs 45-75—paragraphs that describe the named plaintiffs' experiences coming from Oaxaca, Mexico, and does not include any of the allegations prior to Paragraph 45. (*Id.*)  While the complaint could have been clearer, it is fairly understood that all the preliminary allegations, such as jurisdiction, venue, parties, and here, allegations regarding the H-2A program and job orders to both domestic workers and H-2A workers, apply to the entire complaint. (Compl. ¶ 1 "Plaintiffs sue to enforce their rights to a federal minimum wage *and* to stop Defendants' violations of the H-2A program." (emphasis added).)

The allegations that the Defendants' job orders included the same terms offered to foreign H-2A workers and domestic workers, and allegations of Defendants' practice of failing to reimburse travel expenses, are sufficient to authorize notice to all potential opt-in plaintiffs.  Potential opt-in plaintiffs, H-2A and domestic workers, are similarly situated because they are alleged to be subject to the same job order terms, including terms that required Defendants to reimburse travel expenses, had similar job positions, planting and harvesting positions, and were allegedly subject to the same company-wide policy.  (Compl. Exhs. B-F; Exh. B ¶ 19).  Whether Defendants failed to pay Plaintiffs and potential opt-in plaintiffs minimum wage as a result of a common practice of not reimbursing travel expenses is a similar issue of law material to the disposition of the FLSA claims, regardless of whether opt-in plaintiffs traveled from Mexico under the H-2A program, or from other domestic locations.  *See Campbell*, 903 F.3d at 1114 ("If the party plaintiffs' factual or legal similarities *are* material to the resolution of their case, dissimilarities in other respects should not defeat collective treatment." (emphasis in

---

[1] Defendants also argued that C.J.J. Farming was not named as a Defendant for the FLSA claim.  (Opp. at 7:23-25.)  Plaintiffs agreed to remove C.J.J. Farming from its proposed collective action and notice, therefore, the court need not address this issue.

original)).  FLSA's minimum wage requirements apply to H-2A workers and domestic workers—it is enforceable by any worker irrespective of status.  *See* 29 U.S.C. § 206(a) ("Every employer shall pay to each of his employees who in any workweek . . ."); 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 . . . shall be liable to the employee or employees affected . . . .").  Thus, potential factual dissimilarities here, such as whether a farmworker was an H-2A worker or domestic worker, does not defeat collective treatment and notice should be provided to potential opt-in H-2A workers and domestic workers.

At this stage, the court finds that conditional certification for the purposes of sending notice to potential opt-in plaintiffs is appropriate.  Plaintiffs' motion for conditional certification of FLSA class action is granted.

Further, having considered the parties' separate proposed notices, (Dkts. 44, 45), the court approves the parties' agreed upon changes and denies Defendants' proposed additions to the notice for the reasons discussed above.

///

///

///

///

///

///

///

///

///

///

///

///

7

## IV. CONCLUSION

Plaintiffs' motion for conditional certification of FLSA class action is granted.

It is ordered that the conditional collective action shall be comprised of: "All individuals who performed planting or harvesting for Rancho del Mar, Inc., Better Produce, Inc., and/or Juan Cisneros in the years 2016, 2017, or 2018."

It is further ordered that Defendants provide Plaintiffs with the names, last known permanent addresses, email addresses, and WhatsApp account numbers of all workers who performed planting or harvesting work during the 2016 through 2018 time period within 14 days from the date of this order.

It is further ordered that the attached notice is approved. Plaintiffs shall have five months from the date on which they receive contact information to distribute the approved notice.

It is further ordered that the approved notice shall be posted at Defendants' worksites and each housing location used for current workers.

**IT IS SO ORDERED.**

Dated: July 30, 2019

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

8

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA BARBARA DIVISION

| | | |
|---|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ and others similarly situated, | ) ) ) ) | CIVIL ACT. NO.: 2:19-cv-3964 |
| Plaintiffs, | ) ) ) | RULE 23 CLASS |
| vs. | ) ) | JURY TRIAL DEMANDED |
| BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) | |

## PROPOSED NOTICE OF RIGHT TO OPT-IN TO LAWSUIT

**To:**  FARMWORKERS EMPLOYED <u>IN CALIFORNIA</u> BY:

- RANCHO DEL MAR, INC.
- BETTER PRODUCE, INC.
- JUAN CISNEROS

BETWEEN MAY 2016 AND DECEMBER 2018.

**Regarding:**  RIGHT TO OPT-IN TO RECOVER:

- ALLEGEDLY UNPAID MINIMUM WAGES

- ALLEGEDLY UNPAID TRAVEL AND IMMIGRATION EXPENSE REIMBURSEMENTS AND NON-PAYSTUB DEDUCTIONS CAUSING MINIMUM WAGE VIOLATIONS.

**Date:**  [date]

## INTRODUCTION

The purpose of this Notice is to inform you about a lawsuit brought under the federal minimum wage law, called the Fair Labor Standards Act, against Better Produce, Inc., Rancho del Mar, Inc., and Juan Cisneros, for allegedly unpaid compensation. This Notice tells you how your rights may be affected by this lawsuit and tells you how you can join this lawsuit. If you do not join the lawsuit or take other action, you may lose some of your rights to bring an action on a possible claim you may have.

This Notice has been authorized by the United States District Court for the Central District of California. At this time, the Court has taken no position regarding the merits of the Plaintiffs' claims or the Defendants' defenses.

## DESCRIPTION OF LAWSUIT

A group of farmworkers have filed a lawsuit against Better Produce, Inc., Rancho del Mar, Inc., and Juan Cisneros, in the United States District Court for the Central District of California. The name and case number of the lawsuit is: *Altamirano-Santiago, et al. v. Better Produce, Inc., et al.*, case number 2:19-cv-3964.

Manuel de Jesus Altamirano-Santiago and the other Plaintiffs allege that they were not reimbursed for immigration and travel expenses as required by law. The lawsuit claims that the Defendants' failure to reimburse Plaintiffs' immigration and travel expenses and other workers' expenses incurred for coming from Mexico and returning to Mexico, payments to a supervisor, and the failure to pay for all hours worked violated the federal minimum wage law. The Plaintiffs are suing on behalf of themselves and all other workers who worked as laborers cultivating and harvesting the crops of Better Produce, Rancho del Mar and/or Juan Cisneros. The Plaintiffs seek the recovery of their unreimbursed travel and immigration expenses, their

payments to the supervisor and unpaid wages. Defendants Better Produce and Juan Cisneros assert they are not the employers of the Plaintiffs or other farmworkers, and Defendant Rancho del Mar asserts all travel and immigration expenses were reimbursed, there were no payments to its' supervisor, and all wages were paid.

## <u>YOUR RIGHT TO JOIN THIS LAWSUIT</u>

If you worked as an agricultural worker who harvested or cultivated crops at Rancho del Mar, Better Produce, and/or with Juan Cisneros at any time between May 2016 and December 2018, and you believe you were not paid all of the wages you were owed, you may make a claim to recover those wages by signing and returning the form entitled "Consent to Sue," which is attached to this notice. The Consent to Sue forms must be received by Plaintiffs' attorneys by *[date five months from date on which the names and address information of workers are produced]*. The Consent to Sue forms should be mailed to Plaintiffs' attorneys:

> Dawson Morton
> Law Offices of Santos Gomez
> 1003 Freedom Blvd
> Watsonville, CA 95076

Or sent by fax to:     Fax from the U.S.: 1-831-228-1542

Fax from Mexico: 001-831-228-1542

Or by email to: dawson@lawofficesofsantosgomez.com

Or by WhatsApp to: 404-550-7851

If you have questions you may call Plaintiffs' attorneys:

Telephone in the U.S.: 1-831-228-1560

Telephone from Mexico: 001-831-228-1560

## LEGAL REPRESENTATION

Manuel de Jesus Altamirano-Santiago, Lucio Mendoza-Castro Fredi Saul Canseco-Vasquez are represented by Dawson Morton and Santos Gomez from the Law Offices of Santos Gomez. Any money recovered will be shared by all persons who have joined the lawsuit based on the amount they are owed. The Law Offices of Santos Gomez will petition for a fee recovery to the court as part of any settlement.

## EFFECT OF JOINING OR NOT JOINING THIS LAWSUIT

If you join this lawsuit, you will be included in the decision made by the judge, whether favorable or unfavorable. You will also share in any money received in the lawsuit, either through a decision by the Court or a settlement. There is no guarantee that any money will be recovered in this lawsuit. While the suit is proceeding, you may be required to provide information to Plaintiffs' attorneys or to the Defendants' attorneys concerning your work.

When returning an executed Consent to Sue form to Dawson Morton, you designate Manuel de Jesus Altamirano-Santiago, Lucio Mendoza-Castro, and Fredi Saul Canseco-Vasquez to make decisions on your behalf concerning this lawsuit. The decisions and agreements made in this lawsuit will affect your claims if you opt-in to join the lawsuit. Your continued right to participate in this case may depend upon a later decision that you and the other Plaintiffs are similarly situated, in accordance with federal law.

If you do not join this lawsuit, you will not be included in any decision made by the judge, whether favorable or unfavorable, and you will not receive any of the money that may be received from the lawsuit.

## TIME LIMIT IN WHICH TO FILE A CLAIM

The federal minimum wage law has a maximum three-year period to bring a claim after the payday for the week in which a pay problem occurred.  The time limit for filing a lawsuit may expire if you do not join this lawsuit or file your own lawsuit within two or three years from the date when you received your paycheck.  If you do not join this lawsuit, you may file your own lawsuit.

**NO RETALIATION OR DISCRIMINATION IS PERMITTED**

It is a violation of United States law for Better Produce, Inc., Rancho del Mar, Inc., and Juan Cisneros, or any other employer, or any person acting on their behalf, to fire, refuse to hire, or in any manner discriminate or retaliate against you for taking part in this lawsuit. They may not deny you work due to your participation in this lawsuit, nor does your participation affect whether you can receive a visa to return to work for these or other employers. If you believe that you have been discouraged, threatened, or discriminated or retaliated against for discussing or choosing to join in this lawsuit, you can call Plaintiffs' Attorneys.

**NO OPINION EXPRESSED AS TO MERITS OF LAWSUIT**

This Notice is for the purpose of providing you information concerning your ability and right to join this lawsuit. Although this notice and its contents have been authorized by the Court, the Court takes no position regarding the merits of Plaintiffs' claims.

**ADDITIONAL INFORMATION**

You may call Plaintiffs' lawyers (Dawson Morton or Santos Gomez) at:

1-831-228-1560 (telephone)          1-404-550-7851 (WhatsApp message)

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
SANTA BARBARA DIVISION

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, et al., | ) |
| | ) CIVIL ACT. NO.: 2:19-cv-3964 |
| Plaintiffs, | ) |
| | ) |
| vs. | ) RULE 23 CLASS |
| | ) |
| | ) JURY TRIAL DEMANDED |
| BETTER PRODUCE, INC., et al. | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

_____

### NOTICE OF CONSENT TO SUE

I HEREBY CONSENT to be a party Plaintiff in this lawsuit as to my claims with respect

to labor I performed for Rancho del Mar, Better Produce, and/or Juan Cisneros in the state of

California during the year(s)  _____.


This ___ day of _____ of 2019.

Signature: _____

Name (printed): _____

Address: _____

Neighborhood or Colony (if applicable): _____

Municipality or City: _____

State: _____

Postal Code: _____

Telephone (house or neighbor): _____