Vincent T. Martinez, Esq. (SBN 174157)
**Twitchell and Rice, LLP**
215 North Lincoln
Santa Maria, CA 93458
Telephone: (805) 925-2611
Facsimile: (805) 925-1635
E-mail: llimone@twitchellandrice.com

Todd C. Hunt, Esq. (SBN 174449
**Law Office of Todd C. Hunt, APC**
7190 W. Sunset Blvd., No. 89
Los Angeles, CA 90046
Telephone (310) 994-0157
Email: todd@toddhuntlaw.com

Attorneys for Defendants Better Produce, Inc.,
Rancho Del Mar, Inc., C.J.J. Farming, Inc.,
and Juan Cisneros

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS,<br><br>Defendants. | CIVIL ACT. NO.: 2:19-cv-3964-DDP-FFM<br><br>DEFEDENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE UNDER SEAL AND PROCEED BY PSEUDONYM<br><br>Hearing Date: October 28, 2019<br>Hearing Time: 10:00 AM<br>Courtroom: 9C, 9th Floor |

Defendants hereby submit the following authorities, arguments and evidence in opposition to Plaintiffs' Motion for Leave to File Under Seal and Proceed by Pseudonym (Plaintiffs' "Motion"):

///

///

///

## 1. INTRODUCTION

Plaintiffs' Motion is without factual support and should be denied. The Motion is presented without adequate or proper supporting evidence and grossly overreaches for the remedy sought. The Motion accuses defendants of threats and coercion against unnamed workers without any substantiated indication of what threats were made, against whom or by whom. Rather than establishing "special circumstances" or an "unusual case," the Motion merely asserts a speculative conclusion of wrongdoing based, at best, on broad hearsay statements and generalized statements about "rich people" in Mexico. Regardless, the Motion asserts that Plaintiffs should be permitted to proceed anonymously in these proceedings indefinitely and without any concern for balancing Plaintiffs' desires against fairness, Defendants' right to defend themselves, or the public's well-established right to access in civil cases.[1]

## 2. STANDARD OF LAW

The Motion generally states the proper legal standard for the Court's determination as to whether or not to allow a party to proceed anonymously. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000). The Motion acknowledges that Plaintiffs' request is only appropriate in an "unusual case" and under "special circumstances." The Motion reiterates and accepts the Ninth Circuit's three-part test. *Id*. However, the Motion then all but ignores the standards and merely declares and concludes that the legal requirements have been met without any evidentiary support.

## 3. DEFENDANTS' CONDUCT

The Motion rises and falls on Plaintiffs' ability to establish that Defendants have conducted themselves inappropriately. Not only does this detail control the first *Advanced Textile* factor ("severity of threatened harm"), it also weighs heavily on the second ("reasonableness of the anonymous party's fears"). *Advanced Textile Corp.*,

---

[1] Local Rule 79-5.2.2(a)(i) requires that the Motion include a "declaration (1) establishing good cause or demonstrating compelling reasons why the strong presumption of public access in civil cases should be overcome…."

214 F.3d at 1071 ("What is relevant is that plaintiffs were threatened."); *see also Does v Google, Inc.*, 2016 U.S. Dist. LEXIS 86230, at *4-5 (N.D. Cal. July 1, 2016).

The Motion makes a blanket statement about the named plaintiffs and "many" of the existing opt-in plaintiffs being contacted by Defendant Cisneros or a supervisor "result[ing] in fear," but no evidence is presented supporting these claims. *See* Motion at p. 3, lines 12-18. There is no declaration before the Court from anyone who claims to have been threatened. The Motion attempts to circumvent its failures by claiming "the details of Defendants conduct are difficult to present." *See* Motion at p. 5, line 20. However, a footnote in a motion containing only counsel's argument, by itself, does not and cannot establish that Defendants threatened anyone or that a workers' fear of retaliation is reasonable. *See* Motion at p. 5, note 1. This tactic is consistent with how Plaintiffs' counsel approached these accusations from their first mention – throwing around generic allegations while refusing to provide defense counsel with any details.[2]

The Motion presents no evidence of retaliation, no evidence of "blacklisting," no evidence that Defendants control whether other employers may or may hire certain workers, no evidence of threats of violence, deportation, or of arrest. Essentially, the Motion includes none of the evidence of misconduct present in the *Advanced Textiles Corp.* case and the line of cases following it. Neither Plaintiffs' counsel's declaration nor the anonymous declaration includes admissible evidence of any wrongdoing by any defendant. Plaintiff's counsel's speculation about defense counsel's actions in discovery does not change the state of the evidence.[3]

The only evidence before this Court is that the Defendants did not make any threats (*see* Juan Cisneros' Declaration at para. 4), that the Defendants have not sought to coerce any worker against participating in these proceedings (*see id.* at

---

[2] To further perpetuate this scheme, Plaintiffs' recently "responded" to Defendants' initial written discovery by providing no substantive responses and producing no documents. *See* Declaration of Vincent Martinez at para. 7.

[3] While Defendants dispute that Plaintiff's counsel's speculations are probative, or even relevant, here, such matters are addressed in the Declaration of Vincent Martinez filed herewith.

para. 5), that the Defendants have not retaliated against any worker (*see id*. at paras. 6 and 9), and that Defendants were not involved in any worker's decision to seek to opt-out of or remove themselves from these proceedings (*see id*. at paras. 7 and 8).

### 4.  THE REMEDY SOUGHT IS OVERBROAD

Plaintiffs' Motion does not appear to address that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses." *Advanced Textiles Corp.*, 214 F.3d at 1069. Instead, the Motion appears to imply that Plaintiffs should be permitted to proceed anonymously throughout the remaining entirety of the litigation. This position is not supported by caselaw. The Court in *Advanced Textile Corp*. specifically noted that their decision to allow anonymity was proper because "the district has not ruled on plaintiffs' *Hoffmann-La Roche* motion and discovery [was] stayed." *Id.* Such is not the case here.

### 5.  CONCLUSION

For all of the above reasons, Defendants respectfully submit that Plaintiffs' have failed to meet their burden to show the required special circumstances for the relief requested and failed to justify the requested anonymity at this stage of the litigation. The Motion should be denied.

DATED: October 7, 2019                    LAW OFFICE OF TODD C. HUNT, APC


                                           /s/ Todd C. Hunt
                                        TODD C. HUNT
                                  Attorney for Defendants Better Produce, Inc., Rancho Del Mar, Inc., C.J.J. Farming, Inc., and Juan Cisneros