Vincent T. Martinez, Esq. (SBN 174157)
**Twitchell and Rice, LLP**
215 North Lincoln
Santa Maria, CA 93458
Telephone: (805) 925-2611
Facsimile: (805) 925-1635
E-mail: llimone@twitchellandrice.com

Todd C. Hunt, Esq. (SBN 174449
**Law Office of Todd C. Hunt, APC**
7190 W. Sunset Blvd., No. 89
Los Angeles, CA 90046
Telephone (310) 994-0157
Email: todd@toddhuntlaw.com

Attorneys for Defendants Better Produce, Inc., Rancho Del Mar, Inc., C.J.J. Farming, Inc., and Juan Cisneros

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ and others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS,<br><br>Defendants. | CIVIL ACT. NO.: 2:19-cv-3964-DDP-FFM<br><br>DECLARATION OF DEFENDANT JUAN CISNEROS IN OPPOSITION TO MOTION FOR LEAVE TO FILE UNDER SEAL AND PROCEED BY PSEUDONYM |

I, JUAN CISNEROS, declare that I am over eighteen years of age, that I am competent to testify to the matters set forth in this Declaration, and that the following statements are true and correct to the best of my knowledge and memory:

1. I am the President and Chief Executive Officer ("CEO") of Defendants BETTER PRODUCE, INC., RANCHO DEL MAR, INC., and C.J.J. FARMING, INC. I am also named individually as a defendant in these proceedings.

Manuel De Jesus Altamirano-Santiago, et al.                                   Declaration of Juan Cisneros
v. Better Produce, Inc., et al.
Case No. 2:19-cv-3964-DDP-FFM

2. I reviewed "Plaintiffs' Motion and Notice of Motion for Leave to File Under Seal and Proceed by Pseudonym" (the "Motion") and the two declarations filed with the Motion.

3. As president and CEO of the three defendant corporations, I have personal knowledge of the defendant corporations' investigations of and reactions to these proceedings.

4. There have been no threats made by or on behalf of myself or the defendant corporations against any current or former worker (whether foreign or domestic) employed by any of the defendant corporations related to a worker's decision to participate in these proceedings or otherwise.

5. There have been no attempts to coerce any current or former worker (whether foreign or domestic) employed by any of the defendant corporations related to a worker's decision to participate in these proceedings or otherwise made by or on behalf of myself or the defendant corporations.

6. There has been no retaliation against any current or former worker (whether foreign or domestic) employed by any of the defendant corporations related to a worker's decision to participate in these proceedings or otherwise either by or on behalf of myself or the defendant corporations.

7. The Defendants have not entered into any settlements or agreements to settle claims raised in these proceedings with any current or former worker (whether foreign or domestic) employed by any of the defendant corporations.

8. Several current and former workers employed by the defendant corporations have voluntarily provided statements to my office indicating their desire or intention to not be involved in these proceedings. These statements were not solicited by me or on my behalf or on behalf of the defendant corporations. I did not prepare or direct the preparation of these statements. I did not send Rodolfo Cruz-Lara, a supervisor or anyone else to Mexico to obtain workers' signatures on the documents described in the Motion. Nor did anyone acting on behalf of the defendant corporations prepare the

Manuel De Jesus Altamirano-Santiago, et al.   Declaration of Juan Cisneros
v. Better Produce, Inc., et al.
Case No. 2:19-cv-3964-DDP-FFM

statements, direct their preparation, or send anyone to Mexico in order to obtain signatures on them.

9. Although numerous foreign H-2A workers who worked for Defendant Rancho Del Mar, Inc. in 2017 and/or 2018 did not work for the company in 2019, most such workers were deemed ineligible to work for the company by the U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services. Defendant Rancho Del Mar, Inc. attempted to employ these workers but was unable to do so. Attached hereto as Exhibit "A" is a true and correct copy of a May 1, 2019 correspondence from the U.S. government notifying the company that approximately fifty of the company's requested foreign H-2A workers were illegible to work for the company in 2019. The remaining workers from 2017 and/or 2018 who did not return to work for the company in 2019 were precluded from doing so because they failed to show up for their scheduled and required appointments with the U.S. Consul.

I, JUAN CISNEROS, declare and swear under penalty of perjury under the laws of the United States of America that the previous declarations are true and correct.

Executed this 7th day of October 2019 in Santa Maria, California.

JUAN CISNEROS

Manuel De Jesus Altamirano-Santiago, et al.
v. Better Produce, Inc., et al.
Case No. 2:19-cv-3964-DDP-FFM

Declaration of Juan Cisneros

Exhibit "A"

May 1, 2019

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
California Service Center
Laguna Niguel, CA 92607-0590



**U.S. Citizenship and Immigration Services**

RANCHO DEL MAR INC
c/o LUIS GARCIA
302 NORTH LINCOLN
SANTA MARIA, CA 93458



WAC1912951333

Form I-129, Petition for a Nonimmigrant Worker

## NOTICE OF PARTIAL DENIAL

On February 25, 2019, you filed a Petition for a Nonimmigrant Worker (Form I-129) with U.S. Citizenship and Immigration Services (USCIS) seeking classification for each beneficiary as a temporary agricultural worker pursuant to section 101(a)(15)(H)(ii)(a) of the Immigration and Nationality Act (INA).

Title 8, Code of Federal Regulations (8 CFR) § 214.2(h)(5)(viii)(C), "Limits on an individual's stay," provides:

> Except as provided in paragraph (h)(5)(viii)(B) of this section, an alien's stay as an H-2A nonimmigrant is limited by the term of an approved petition. An alien may remain longer to engage in other qualifying temporary agricultural employment by obtaining an extension of stay. However, an individual who has held H-2A status for a total of 3 years may not again be granted H-2A status until such time as he or she remains outside the United States for an uninterrupted period of 3 months. An absence from the United States can interrupt the accrual of time spent as an H-2A nonimmigrant against the 3-year limit. If the accumulated stay is 18 months or less, an absence is interruptive if it lasts for at least 45 days. If the accumulated stay is greater than 18 months, an absence is interruptive if it lasts for at least 2 months. Eligibility under paragraph (h)(5)(viii)(C) of this section will be determined in admission, change of status or extension proceedings. An alien found eligible for a shorter period of H-2A status than that indicated by the petition due to the application of this paragraph (h)(5)(viii)(C) of this section shall only be admitted for that abbreviated period.

On March 20, 2019, USCIS issued a Request for Evidence (RFE) and indicated that each of the following beneficiaries appear to have reached their 3-year limit, and had not remained outside of the United States for an uninterrupted period of 3 months:

- Oswaldo Chavez Reyes
- Ezequiel Lopez Ambrosio
- Fortino Venegas Hernandez
- Luis Hernandez Lopez
- Jesus Tapia Benitez
- Alberto Herrera Herrera
- ✔Vidal Quiroz Cruz



- Hector Chavez Reyes
- Uriel Chavez Preciado
- Jose Chavez Reyes
- Jose Simon Vivar
- Juan Chavez Herrera
- Angel Gutierrez Ruiz
- Sergio Gomez Cruz
- Yovanni Hernandez Hernandez
- Jose Santos Raymundo
- Luis Viveros Ordaz
- Jorge Blanco Gonzalez
- Alejandro Lazaro Onofre
- Josue Perez Andres
- ✔Erick Reyes Hernandez
- ✔Fredy Cortes Santiago
- ✔Erik Tapia Silva
- Lucio Mendoza Castro
- Francisco Hernandez Perez
- Francisco Andrade Mariscal
- ✔Felix Cruz Lopez
- ✔Crescencio Cano Guzman
- Luis Chavez Magana
- Alberto Herrera Chavez
- ✔Benjamin Santiago Sanchez
- Ignacio Venegas Hernandez
- Jose Herrera Chavez
- Sergio Hernandez Sebastian
- Jaime Chavez Herrera
- Orlando Tapia Reyes
- Valentin Lazaro
- ✔Misael Yllescas Sanchez
- Jose Hernandez Cano
- ✔Martin Velasco Reyes
- ✔Gilberto Reyes Tapia
- Benito Morales Morales
- Maria Pacheco Ramirez
- ✔Ubaldo Andres Hernandez
- Jose Jimenez Ruiz
- Juan Blanco Gonzalez
- Miguel Blanco Gonzalez
- Jose de Jesus Santos
- Cristian Lara Tavares
- Luis Lara Tavares
- Juan Munoz Pacheco
- Jose Vargas Castaneda
- Gabino Herrera Chavez
- Angel Carrera Santiago
- Adrian Carrillo Salas



On April 2, 2019, you responded to the RFE. You submitted a copy of the beneficiaries' foreign passport. However, the submitted evidence does not show sufficient departures or periods of stay

spent outside the United States for an uninterrupted period of 90 days to show that each beneficiary is eligible for the extension of stay.

Therefore, each beneficiary is ineligible for H-2A classification and has been removed from the petition. You will receive a separate notice for each beneficiary that has been approved for H-2A classification on this Form I-129.

Sincerely,

*Kathy A. Baran*

Kathy A. Baran
Director, California Service Center
Officer: XG564

