Vincent T. Martinez, Esq. (SBN 174157)
**Twitchell and Rice, LLP**
215 North Lincoln
Santa Maria, CA 93458
Telephone: (805) 925-2611
Facsimile: (805) 925-1635
E-mail: llimone@twitchellandrice.com

Todd C. Hunt, Esq. (SBN 174449)
**Law Office of Todd C. Hunt, APC**
7190 W. Sunset Blvd., No. 89
Los Angeles, CA 90046
Telephone (310) 994-0157
Email: todd@toddhuntlaw.com

Attorneys for Defendants Better Produce, Inc.,
Rancho Del Mar, Inc., C.J.J. Farming, Inc.,
and Juan Cisneros

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ and others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS, <br><br> Defendants. | CIVIL ACT. NO.: 2:19-cv-3964-DDP-FFM <br><br> DEFEDANDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY NOVEMBER 13, 2019 ORDER AND FURTHER LIMIT DISCLOSURE <br><br> Hearing Date: January 13, 2019 <br> Hearing Time: 10:00 AM <br> Courtroom: 9C, 9th Floor |

Defendants submit the following authorities, arguments and evidence in response to and opposition of Plaintiffs' Motion to Modify November 13, 2019 Order and Further Limit Disclosure (Plaintiffs' "Motion"):

## 1. INTRODUCTION

Despite the picture Plaintiffs' counsel wishes to paint, the Defendants have not ignored this Court's prior rulings, and defense counsel does not take the allegations

underlying the Motion lightly. That being said, Defendants submit that the Court should reserve judgment on any further remediation until the relevant facts are brought to light and presented as proper evidence. Plaintiffs' counsel first brought his claims about Defendants' supposed interference to the Court's attention during the September 9, 2019 Scheduling Conference. Now, nearly four months and two motions later, Plaintiffs' counsel still has not presented testimony from a single Plaintiff, opt-plaintiff or putative class member who claims to have been threatened, coerced or otherwise persuaded to abandon this case due to anything done by Defendants or their counsel. Even if the all of Plaintiffs' counsel's allegations were true, he should have been able to procure first-hand accounts supporting these allegations by now. Instead, throughout all of this, Plaintiffs' counsel has refused and continues to refuse to share his "evidence" with Defendants prior to submitting it to the Court and has prevented Defendants from properly investigating his claims to defend against them. To make matters worse, Plaintiffs' counsel has announced his intention to bring further motions based on these same or similar allegations.

## 2.   PLAINTIFFS' COUNSEL'S ONGOING REFUSALS TO SHARE INFORMATION OR PROVIDE DISCOVERY

Despite repeated requests and the obvious materiality to Defendants' ability to investigate and fully respond to Plaintiffs' counsel's current allegations, Mr. Morton continuously and consistently refuses to share evidence in his possession or control. *See* Declaration of Todd C. Hunt ("Hunt Decl.") at para. 2 thru 4 and Exhibits "A" & "B." Mr. Morton has refused to provide responses to written discovery, refused to produce any of his clients for deposition, and refused to share relevant documents in his possession. *Id*. Defendants require this information to properly defend against the Motion and to fully evaluate and address the standards set forth in *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-1068 (9th Cir. 2000).

Each of the Plaintiffs and opt-in plaintiffs has provided only objections to Defendants' written discovery. Hunt Decl. at para. 5. Defendants have made

numerous efforts to take Plaintiffs' and opt-in plaintiffs' depositions (for purposes of responding to counsel's interference allegations and otherwise), but Mr. Morton has refused to cooperate. *Id*. at para. 4. As a latest example, Mr. Morton refused, without any justification, to share the court forms which purportedly triggered this Motion with defense counsel and only did so when he attached them as exhibits to the Motion. *Id*. at para. 3.

Plaintiffs' initial motion to proceed anonymously was granted in part because "Defendants have not provided a credible explanation for the volume of 'voluntary' opt-out forms." Order Granting Plaintiffs' Motion for Leave to Proceed by Pseudonym [Doc. 84] at page 5, lines 9-10. Now, as before, Defendants are being unnecessarily and unfairly hampered in their ability to respond to these allegations. If Defendants' own unrebutted testimony is not sufficient, then Defendants must be permitted to obtain testimony from Plaintiffs, opt-in plaintiffs and putative class members. Between the refusal to cooperate in discovery and the "clear record" required in these matters (*see Camp v. Alexander*, 300 FRD 617, 620-621 (N.D. Cal. 2014) *citing Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 (1981)), the Court should reserve further remediation orders until such time as the evidence can be and is properly presented.

## 3.  THE CONTINUED ABSENCE OF EVIDENCE SUPPORTING ORIGINAL ALLEGATIONS

To this day, the only evidence supporting Mr. Morton's original set of allegations is the existence of the numerous handwritten letters from Defendants' employees. There remains no evidence supporting the allegation that Defendants or Defendants' representatives visited any employee's family's home in Mexico. There remains no testimony supporting the notion that anyone threatened anyone else's further or future employment or otherwise. There remains no direct evidence that Defendants retaliated against any Plaintiff or opt-in plaintiff in any way. There remains no evidence that any Plaintiff, opt-in plaintiff or putative class member was

pressured to write a letter or note supporting his or her employer. This all remains true despite that the parties were able to depose opt-in plaintiff Socrates Garcia-Gutierrez and putative class member Rodolfo Cruz-Lara[1] on these topics on December 6, 2019. *Id.* at para. 6.

### 4.  THE ABSENCE OF EVIDENCE OF POST-RULING ACTIVITY

The Motion is somewhat less than forthcoming concerning the timing of the alleged conduct of which it complains. The Motion at least implies that Defendants and/or defense counsel intentionally disregarded this Court's November 13, 2019 Order. To the contrary, it does not appear that the Motion alleges any conduct that occurred after Defendants could have been made aware of the Court's November 13, 2019 Order. The relevant activities of Mario Juarez (attorney) and Cynthia Thompson (notary), whose depositions were taken after Plaintiffs' filed the Motion, appear to have occurred in late October and early November - predating the Court's Order - with the single exception of Ms. Thompson's meeting with and notarizing opt-in plaintiff Socrates Garcia-Gutierrez' From G-01 on November 14, 2019. *See* Declaration of Vincent Martinez ("Martinez Decl.") at para. 4. Although this final event occurred after the date of the Court's Order, it occurred on the same day that the Order was made available to defense counsel via the Court's CMECF system. Hunt Decl. at para. 10. The only evidence even tangentially connecting Defendants to this conduct is Defendant Juan Cisneros' admission that he provided Mario Juarez contact information to Mr. Garcia-Gutierrez and provided the contact information for an attorney in Mexico who had been retained by Plaintiff Manuel de Jesus Altamirano-Santiago to Mr. Juarez. *Id.* at para. 9. Clearly, this information had to have been relayed by Mr. Cisneros well before the November 4, 2019 hearing.

---

[1] Rodolfo Cruz-Lara is the supposed "supervisor" Plaintiffs' counsel alleged to have travelled to Mexico on Defendants' behalf to threaten and coerce Plaintiffs' and/or other putative class members' families. None of these allegations were supported by Mr. Cruz-Lara's testimony. Hunt Decl. at para. 8.

- 4 -

## 5.  LACK OF EVIDENCE OF DEFENSE COUNSELS' KNOWLEDGE OF OR PARTICIPATION IN ALLEGED CONDUCT

Plaintiffs' counsel continuously accuses defense counsel of impropriety without justification. The Motion makes several statements meant to infer or allege that defense counsel must have been involved in preparing and obtaining the subject Form G-01's. Plaintiffs' counsel continues with these false accusations despite the testimony of Mr. Garcia-Gutierrez, Mr. Cruz-Lara, Mr. Juarez, and Ms. Thompson - all of whom disclaimed any such involvement by either Mr. Martinez or Mr. Hunt. Hunt Decl. at para. 7 & 8; Martinez Decl. at para. 2 & 3. Mr. Morton's allegations also ignore the apparent involvement of other attorneys in California[2] and Mexico in preparing the court forms and in advising the employees. Hunt Decl. at para. 7. While Defendants would like to give Mr. Morton the benefit of the doubt given that he prepared and filed the Motion without waiting to depose Mr. Juarez and/or Ms. Thompson, Mr. Morton has since expressed that he is not convinced and still intends to pursue his accusations against defense counsel. Hunt Decl. at para. 12.

## 6.  NO OBJECTION TO CERTIFYING THAT DEFENDANTS ARE AWARE OF THE NEED TO NOT DISCUSS THE CLAIMS WITH THEIR EMPLOYEES

Despite that the Motion fails to present an adequate picture of events, Defendants and defense counsel remain only interested in discovering the truth about the underlying allegations. Defendants do not object to an additional temporary order keeping litigants' names confidential from third parties without legitimate reason for the information. Nor do defense counsel oppose "certifying" that defense counsel has informed Defendants of the Court's orders in this regard. In fact, Mr. Cisneros has

---

[2] Although Mr. Morton focuses his attacks on the actions of attorney Juarez, he ignores that Mr. Garcia-Gutierrez also consulted with and retained Adrian Andrade, a well-respected attorney, formerly associated with California Rural Legal Assistance, Inc. and that Mr. Andrade then reached-out to Plaintiffs' counsel's office on Mr. Garcia-Gutierrez' behalf. Clearly, Mr. Morton accepts that Mr. Andrade properly and thoroughly advised his client concerning these matters.

1  already testified that he is aware that he is "not [to] communicate with litigants"

2  about the lawsuit or the underlying claims. Hunt Decl. at para. 9.

3  **7. CONCLUSION**

4      In conclusion, while Defendants and defense counsel recognize and

5  acknowledge the need to investigate and understand the issues underlying certain

6  Plaintiffs and opt-in plaintiffs attempts to remove themselves from these proceedings,

7  Defendants respectfully submit that their own rights should not be trampled in a rush

8  to judgment where they have been prevented from exploring the most direct and

9  appropriate evidence available.

10  DATED: December 23, 2019          LAW OFFICE OF TODD C. HUNT, APC

11

12

13                                     _/s/ Todd C. Hunt_
                                        TODD C. HUNT
14                                      Attorney for Defendants Better
                                        Produce, Inc., Rancho Del Mar,
15                                      Inc., C.J.J. Farming, Inc., and
                                        Juan Cisneros
16

17

18

19

20

21

22

23

24

25

26

27

28