UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANUEL DE JESUS ALTAMIRANO-SANTIAGO, LUCIO MENDOZA-CASTRO, FREDI SAUL CANSECO-VASQUEZ, and others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BETTER PRODUCE, INC., RANCHO DEL MAR, INC., C.J.J. FARMING, INC., and JUAN CISNEROS,<br><br>Defendants. | Case No. 19-cv-3964 DDP (FFMx)<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR ORDER TO MODIFY NOV. 13, 2019 ORDER AND FURTHER LIMIT DISCLOSURE**<br><br>[Dkt. 90] |

    Presently before the court is Plaintiffs Manuel de Jesus Altamirano-Santiago, Lucio Mendoza-Castro, and Fredi Saul Canseco-Vasquez (collectively, "Plaintiffs")' Motion for order to modify Nov. 13, 2019 Order and further limit disclosure. (Dkt. 90.) Having considered the submissions of the parties and heard oral argument, the court denies Plaintiffs' Motion and adopts the following order.

**I. BACKGROUND**

Plaintiffs are "agricultural workers imported from Mexico by Defendants to work in Defendants' strawberry fields." (Dkt. 1, Compl. ¶ 1.) Defendants are Rancho del Mar, Better Produce, Inc., C.J.J. Farming, Inc., all California corporations with their principal place of business in Santa Maria, California, and Juan Cisneros, Chief Executive Officer of all corporate defendants (collectively, "Defendants"). (*Id.* ¶¶ 14-17.) The court has set forth the basic facts of this case in its prior Orders, (Dkt. 46, 84), which it repeats in relevant part here.

Plaintiffs "were recruited from Oaxaca to work for Defendants" under the "H-2A program." (*Id.* ¶¶ 20, 45.) Under the H-2A program, an agricultural employer may import workers to work in agriculture on a temporary basis. (*Id.* ¶ 20 (citing 8 U.S.C. § 1101(a)(15)(H)(ii)(a).) Plaintiffs completed visa paperwork with an individual from the office of Defendant Better Produce. (*Id.* ¶ 46.) Plaintiffs allege that they were "required to obtain a passport at their own expense without reimbursement from Defendants." (*Id.* ¶ 48.) Further, Plaintiffs allege that they were "instructed to travel from Oaxaca to the U.S. Consulate" and were required to pay the cost of travel, hotel expenses, the fee to cross the U.S.-Mexican border, and the "subsistence costs on the travel from the border to Santa Maria, California." (*Id.* ¶¶ 59-74.) These costs were "necessary to Plaintiffs and others similarly situated . . . and were not reimbursed by Defendants." (*Id.* ¶ 75.)

Additionally, Plaintiffs allege that each season, a supervisor for Defendants "collected fees from each Plaintiff and others similarly situated in the amount of $675 U.S. Dollars." (*Id.* ¶ 56.) The supervisor "indicated that this fee was meant to cover some of the Defendants' expenses in recruiting foreign workers." (*Id.*) Plaintiffs also allege that their "return travel expenses were Defendants' contractual obligation," but Plaintiffs "arranged their own travel," and paid their own expenses to return to their homes in Oaxaca. (*Id.* ¶¶ 87-92.) Plaintiffs further allege that Defendants did not compensate their

travel and wait time to go to work, and Plaintiffs did not always receive a timely meal period, a thirty-minute meal period, or required rest breaks. (*Id.* ¶¶ 98-102.)

Based on these allegations, Plaintiffs bring this action claiming violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 209(a), violations of California's Labor Code, violation of California's Unfair Competition Law, and breach of contract. On July 30, 2019, the court granted conditional certification of the FLSA action and approved the proposed FLSA notice to putative opt-in members. (Dkt. 46.) On November 13, 2019, the court granted Plaintiffs' motion to proceed by pseudonym, to file future opt-ins and opt-outs under seal and ordered defense counsel not to share the names of opt-ins with their clients. (Dkt. 84.)

**II. DISCUSSION**

Plaintiffs presently move to modify the court's order dated November 13, 2019 which granted Plaintiffs leave to proceed by pseudonym, to file future opt-ins and opt-outs under seal, and ordering Defendants' counsel to not reveal the names of opt-ins or opt-outs to their clients. (Mot. to Modify ("Mot."), Dkt. 90; *see* Order Dkt. 84.) Plaintiffs now request that the court modify the order to order defense counsel not reveal the name of litigants to third parties and to *instruct their clients* as follows: (1) Not to communicate with individuals participating in the litigation; (2) not to attempt to interfere in the assertion of claims; and (3) not to request current or former laborers to complete opt-out forms or other documents in opposition to the litigation. (Mot. at 2:12-16 (emphasis added).)

Plaintiffs set forth evidence that Defendants have engaged in conduct that undermines this FLSA and putative class action. Defendants retained an attorney, who has not appeared for this action, who has, together with Defendants, prepared and obtained numerous G-01 forms in which opt-ins purport to proceed pro se in this action. (Dkt. 90-3.) Defendants do not deny the allegations. Indeed, defense counsel acknowledged to the court that Defendants hired another attorney to engage in ex-parte

3

communications with putative class members but denied prior knowledge of this conduct. (Oral Argument, Jan. 27, 2020.) This is not the first time that Defendants have engaged in conduct that undermines this FLSA action. The basis of the court's prior order was that Defendants collected over 100 statements from putative class members purporting to affirmatively opt out. (*See* Dkt. 84; Oral Argument, Nov. 4, 2018).

Though Defendants' conduct is troubling, Plaintiffs do not request relief against any Defendant, rather, the relief requested is directed to Defendants' attorneys. The requested relief is misdirected. The court fails to see how ordering an attorney how to counsel their client is appropriate. Attorneys have an independent obligation to counsel their clients on all requirements that govern client conduct. Therefore, the court declines to counsel attorneys on how to do so here. The court denies Plaintiffs' motion without prejudice.

**IV. CONCLUSION**

The court denies Plaintiffs' motion without prejudice. The court's prior order dated November 13, 2019 remains in effect. Nothing in this order prevents Plaintiffs from seeking future relief.

**IT IS SO ORDERED.**

Dated: 2-3-2020

_____

DEAN D. PREGERSON

UNITED STATES DISTRICT JUDGE

4